The facts in evidence are that there was a real estate mortgage between the same parties, in the same sum for which the chattel mortgage was given, the latter being intended as additional collateral security. The bill is to foreclose both the real estate mortgage and chattel mortgage. Decree pro *Page 65 confesso was entered against all defendants except Maria Bouillon who purchased some or all of the chattels covered by the chattel mortgage, and the matter was heard upon bill, answer and counter-claim, and replication. The answering defendant and counter-claimant alleges that she purchased the chattels from Schmidt.
Two questions present themselves, (1) whether the affidavit annexed to the chattel mortgage complies with the statutory mandate which makes the mortgage void unless it has "annexed thereto an affidavit or affirmation made and subscribed by the holder of said mortgage, as agent, or attorney, stating the consideration of said mortgage;" and (2) whether complainant is a purchaser in good faith and without notice of the mortgage.
1. The affidavit in the instant case reads that the consideration of the mortgage is "the sum of $2,000 agreed on May 12th, 1931, to be advanced by Emma Higgins to the said William Schmidt and secured by this mortgage," c. The body of the mortgage provides that it is made upon the condition that Schmidt "shall and does well and truly pay unto the party of the second part * * * the sum of $2,000, payable in two years, with interest at six per cent. per annum, as follows: $250 semi-annually," c. When read together, the affidavit and the body of the mortgage fairly disclose the true consideration. The "consideration" of the mortgage in the instant case was the advance of $2,000 of the mortgagee's money to the mortgagor, and the statement of the purpose of the advance, or the use to which it was to be put, is no part of the statement of the consideration required by the statute. The consideration for the mortgage was the advance of the money by the mortgagee, and this was truly stated.Schneider v. Schmidt, 70 Atl. Rep. 688. Further, the evidence before me clearly shows that the money was advanced by the mortgagee in her lifetime to the mortgagor.
2. The statute is designed to protect creditors of the mortgagor and subsequent purchasers and mortgagees in good faith. There is a distinction between creditors and subsequent *Page 66 
purchasers and mortgagees. A subsequent purchaser or mortgagee, to be in a position where he may take advantage of the failure of a prior mortgagee to comply with the terms of the statute, must have made his purchase or taken his mortgage in good faith; that is, without notice of such prior mortgage, but not so with a creditor. The creditor may know, when his debt accrues, that his debtor's property is already subject to a mortgage, yet if such mortgage has not been executed and recorded in compliance with the statute, he may, as soon as his debt becomes fastened on his debtor's property, successfully insist that the mortgage, as to his debt, is, by force of the statute, absolutely void. GrahamButton Co. v. Spielmann, 50 N.J. Eq. 120.
The defendant in the instant case must be held to have had record notice of the mortgage which was duly recorded at the time of the purchase by her of the chattels. The counter-claim is dismissed.
Decree for complainant.